UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH R. SMYJUNAS,

             Petitioner,

    v.                                        CAUSE NO. 3:25cv738 DRL-SJF

STATE OF INDIANA *et al.*,

             Respondents.

## OPINION AND ORDER

In June 2025, Joseph Smyjunas was arrested and criminally charged in state court. Proceeding *pro se*, he initiated this action requesting a writ of prohibition or, in the alternative, a writ of mandamus, along with any other available relief. He names several respondents, including the State of Indiana, Judge Karin M. McGrath, Prosecutor J. Brad Voelz, the City of Warsaw Police Department, and Sheriff Jim Smith. These respondents filed three motions to dismiss. The court grants the motions and dismisses the case.

## BACKGROUND

The court construes Mr. Smyjunas's *pro se* pleading liberally and accepts all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court also takes judicial notice of the state court proceedings in *Indiana v. Smyjunas*, Cause No. 43D01-2506-F6-325 (Kosciusko Super. Ct. 1 filed Jun. 18, 2025). *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021). From this context, the following facts emerge for today's decision.

In June 2025, police officers from the Warsaw Police Department and Kosciusko County Sheriff's Department stopped and detained Mr. Smyjunas without probable cause or a warrant [1 ¶ 1]. During the stop, Mr. Smyjunas identified himself "as a sui juris living man, not a statutory

or 14th Amendment citizen" [*id.* ¶ 2]. As a result, he was arrested for refusing to identify himself in violation of Indiana Code § 34-28-5-3.5 [*id.*].[1] His private property was searched and seized during the arrest [*id.*].

On August 11, Mr. Smyjunas appeared *pro se* before Judge McGrath in Kosciusko County Superior Court for a hearing on the criminal charges stemming from the June arrest [*id.* ¶ 3-4]. During the hearing, Judge McGrath denied various motions and struck his jurisdictional filings [*id.* ¶ 3]. As alleged, she also "conflated statutory law with constitutional rights" and took judicial notice of certain statutes [*id.* ¶ 4]. Fifteen days later, Judge McGrath denied Mr. Smyjunas's second motion to compel discovery [*id.* ¶ 5].

On August 29, Mr. Smyjunas filed this petition seeking a writ of prohibition to stop respondents from prosecuting his state criminal case "absent proof of jurisdiction and compliance with constitutional mandates" [*id.* at 3]. In the alternative, he requested a writ of mandamus compelling Judge McGrath to vacate her previous orders, reinstate his jurisdictional filings, provide him with discovery, and require all future state court proceedings to comply with due process of law [*id.*]. He also requested all other available relief [*id.*].

The respondents filed three motions to dismiss. Sheriff Smith and the Warsaw Police Department each moved to dismiss Mr. Smyjunas's claims under Rule 12(b)(6). Together, the State of Indiana, Judge McGrath, and Prosecutor Voelz moved to dismiss the petition under Rules 12(b)(1) and 12(b)(6). Mr. Smyjunas responded to Sheriff Smith's motion. The court then issued a *Faulkner*-like notice, advising Mr. Smyjunas of his opportunity to respond to the other

---

[1] In Indiana, a person stopped for an infraction or an ordinance violation commits a misdemeanor offense if they refuse to provide to law enforcement officers their name, address, and date of birth, or their driver's license if it is in their possession. *See* Ind. Code § 34-28-5-3.5.

two motions. *See Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Mr. Smyjunas responded to the motion filed by the State of Indiana, Judge McGrath, and Prosecutor Voelz but not to the one filed by the Warsaw Police Department. After these motions became ripe, Judge McGrath entered judgment dismissing Mr. Smyjunas's pending criminal charges, thereby terminating the state criminal proceedings. *See Indiana v. Smyjunas*, Cause No. 43D01-2506-F6-325 (Kosciusko Super. Ct. 1 filed Jun. 18, 2025).

## STANDARD

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Whereas a plaintiff facing a factual attack doesn't enjoy the treatment of his allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014). This works as a facial attack.

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

Mr. Smyjunas's claims arise from two separate events: his arrest and the subsequent state court criminal proceedings. As to the first, he says law enforcement officers from the Kosciusko County Sheriff's Office and the Warsaw Police Department unlawfully stopped, arrested, and detained him without probable cause or a warrant. The substance of these allegations endeavor to state claims under 42 U.S.C. § 1983 against Sheriff Smith and the Warsaw Police Department for violations of Mr. Smyjunas's Fourth Amendment rights.[2]

As to the second event, Mr. Smyjunas contends that the State of Indiana lacked subject matter jurisdiction to prosecute him. He says during his criminal proceedings he was denied due process, the right to confront evidence, equal protection, and meaningful access to courts, and that the state court otherwise erred in its rulings. Liberally construed, Mr. Smyjunas tries to assert § 1983 claims against the State of Indiana, Judge McGrath, and Prosecutor Voelz for violations of his Sixth and Fourteenth Amendment rights.

Mr. Smyjunas also alludes to infringement of his rights under the Indiana Constitution and the Fifth Amendment to the United States Constitution. However, he doesn't specify which rights were violated or provide any facts to support these claims in any plausible way. Rule 8

---

[2] Mr. Smyjunas isn't suing any of the officers involved in the traffic stop or arrest.

requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78. Accordingly, any such intended claim falls short of meeting the pleading threshold and must be dismissed under Rule 12(b)(6). With this understanding, the court addresses the one motion to dismiss before turning to the other.

    A. *The State of Indiana, Judge McGrath, and Prosecutor Voelz.*

The State of Indiana, Judge McGrath, and Prosecutor Voelz move to dismiss Mr. Smyjunas's claims related to the state criminal proceedings. They argue that the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine bar the court from exercising jurisdiction because doing so would interfere with state proceedings. Additionally, all three defendants assert immunity from any claims. Mr. Smyjunas responds to their immunity arguments, but not the other jurisdictional or abstention doctrines.

    1. *Subject Matter Jurisdiction and Abstention.*

The *Younger* abstention doctrine requires federal courts to "abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). By contrast, the *Rooker-Feldman* doctrine prohibits a district court from reviewing final state court decisions, recognizing that Congress has empowered only the United States Supreme Court to exercise appellate authority to reverse or modify a state court judgment. *Reed v. Goertz*, 598 U.S. 230, 244 (2023); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). Among other requirements, for the *Rooker-Feldman* doctrine to apply, "the state-court judgment must have become final before the federal proceedings began." *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2025).

The *Rooker-Feldman* doctrine is inapplicable here because Mr. Smyjunas filed his petition while his criminal proceedings were still pending and without it ever becoming final, even now. *Id.* The dismissal of Mr. Smyjunas's criminal charges likewise removes any basis for applying the *Younger* abstention doctrine. *J.B.*, 997 F.3d at 722 (*Younger* doctrine applies when federal claims interfere with pending state criminal proceedings). At the same time, the dismissal of his criminal case moots his request for writs related to his criminal proceeding and, without a live justiciable controversy in these respects, the court lacks subject matter jurisdiction. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) ("As a general rule, cases or individual claims for relief become moot when the issues presented are no longer live") (quotations omitted); *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). Any dismissal for lack of jurisdiction is by definition without prejudice.

### 2. *Immunity.*

To the extent that Mr. Smyjunas might claim § 1983 damages related to his criminal proceedings rather than writs of prohibition or mandamus, immunity bars any such claim. Mr. Smyjunas says judicial immunity doesn't apply; but, because all of his claims against Judge McGrath arise from his criminal proceedings, Judge McGrath is entitled to absolute immunity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction."). Mr. Smyjunas has not plausibly pleaded the absence of jurisdiction by a state judge over state criminal charges.

Prosecutor Voelz enjoys prosecutorial immunity. Mr. Smyjunas says Prosecutor Voelz is not entitled to immunity because he violated his prosecutorial oath on October 27, 2025 when

making statements in court. But presenting the state's case is what state prosecutors do. "Prosecutors are absolutely immune from liability for 'conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process.'" *Martin v. Goldsmith*, 163 F.4th 1046, 1056 (7th Cir. 2025) (quoting *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016)). This is true even when a prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotations and citation omitted). Prosecutor Voelz has immunity for initiating the prosecution and in presenting the State's case. *Id.*

The State of Indiana claims sovereign immunity under the Eleventh Amendment. Mr. Smyjunas doesn't address the State's argument directly but says the court cannot dismiss his claims because the alleged constitutional violations are still ongoing. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent and is secured to the states by the Eleventh Amendment." *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) (quotations omitted). There are exceptions to a state's sovereign immunity, including "when a plaintiff seeks prospective relief against an ongoing violation of federal law." *Id.* 520-21. But once Mr. Smyjunas's criminal case ended, so did any alleged ongoing violation. Accordingly, the State of Indiana is entitled to sovereign immunity. The court thus dismisses claims against these three defendants either for lack of subject matter jurisdiction or for immunity.

B. *Sheriff Smith.*

Sheriff Smith advances three reasons why Mr. Smyjunas's claims against him should be dismissed. First, he says Mr. Smyjunas doesn't allege any facts to support a Fourth Amendment violation. Second, he argues that Mr. Smyjunas's petition doesn't comply with Rule 8 because it

doesn't seek any relief from him. Third, he asserts that any claim against him in his official capacity must be treated as a *Monell* claim against the municipality and Mr. Smyjunas hasn't alleged that his injuries stem from the municipality's customs or practice. In response, Mr. Smyjunas argues that Sheriff Smith's "actions exceeded his lawful authority and violated [Mr. Smyjunas's] rights under the constitutions, due process of law and common law rights," though he doesn't specify which actions. Mr. Smyjunas also clarifies that he is not attempting to assert a *Monell* claim against Sheriff Smith; instead, he contends that the Sheriff can be held liable for the actions of his subordinates.

To establish a § 1983 claim, a plaintiff must plead that he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Because there is no supervisory liability under § 1983, a plaintiff can only assert claims against those who are personally responsible for his constitutional deprivation. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Nothing plausibly shows any personal involvement by Sheriff Smith, and any other claim has been disavowed, so the court must dismiss the claims against Sheriff Smith. *See Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) ("For constitutional violations under § 1983, a government official is only liable for his or her own misconduct.") (quotations omitted); *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) ("for a supervisor to be liable, they must be personally responsible for the deprivation of the constitutional right") (quotations omitted).

C. *The Warsaw Police Department.*

The Warsaw Police Department argues that it must be dismissed because it is not a suable entity. Mr. Smyjunas has not responded to this point. "[L]ocal government liability under § 1983

'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997)). Under Indiana law, a municipal police department is not a local government entity that can be sued. *Id.* Accordingly, the court dismisses Mr. Smyjunas's claims against the Warsaw Police Department.

D. *Leave to Amend.*

The court considers whether to provide Mr. Smyjunas with leave to amend his petition because of his *pro se* status. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Mach., Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. R. Civ. P. 15(a)). "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015). Any amendment involving these defendants would be futile. Whether Mr. Smyjunas might sue another who was personally responsible for any Fourth Amendment violation, he cannot, based on this pleading, sue Sheriff Smith or the Warsaw Police Department. Moreover, the State of Indiana, Judge McGrath, and Prosecutor Voelz are immune from any claims involving Mr. Smyjunas's criminal proceeding, even if the court could be said to have subject matter jurisdiction. He cannot amend his petition (or complaint) to change this outcome against these parties, but the court cannot prejudge a different one. To the extent that Mr. Smyjunas believes he can articulate a claim consistent with this opinion, any amendment should articulate enough facts to understand why someone else might be liable. The court recommends use of the court's complaint form available on the website for any such amendment.

9

CONCLUSION

For these reasons, the court GRANTS the motions to dismiss [14, 16, 21], DISMISSES Mr. Smyjunas's petition, GRANTS leave to amend, albeit consistent with this opinion, by June 17, 2026, and CAUTIONS that Mr. Smyjunas that this case will be dismissed absent an amended complaint because this pleading does not afford the court jurisdiction or otherwise fails to state a claim on which relief could be granted.

SO ORDERED.

June 3, 2026                          *s/ Damon R. Leichty*
                                     Judge, United States District Court